Sonyalee R. Nutsch
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
snutsch@clbrmc.com
ISB No. 6189
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
Telephone: (208) 743-6538
Facsimile: (208) 746-0753

Of Counsel:
Neil K. Roman, Esq.
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010

Ronald G. Dove, Esq.
Rebecca B. Dalton, Esq.
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street NW
Washington, D.C., 20001
Telephone:  (202) 662-5189
Facsimile:   (202) 662-6291

  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>AAA ANYTIME TOWING & RECOVERY, and<br>CHRIS K. TEAGUE,<br><br>      Defendants. | Case No. _____<br><br>COMPLAINT FOR DAMAGES |

COMPLAINT FOR DAMAGES     -1-

Plaintiff, The American Automobile Association, Inc. ("AAA"), brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants AAA Anytime Towing & Recovery and Chris Teague (collectively "Defendants").  AAA alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin, unfair competition, dilution, and cybersquatting in violation of Sections 32, 43(a), 43(c), 43(d) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), 1125(c), and 1125(d); for dilution in violation of Idaho Code § 48-513 and for unfair competition in violation of the Idaho Consumer Protection Act, Idaho Code § 48-603; and for trademark infringement and unfair competition under common law.  AAA seeks injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order enjoining Defendants from using AAA's trademarks in the business name AAA Anytime Towing & Recovery and ordering transfer of the domain name AAAANYTIMETOWING.COM.

2.      This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (collectively, the "AAA Marks"). Specifically, Defendants have used and continue to use the AAA Marks in connection with a business offering towing and other emergency roadside services, AAA Anytime Towing & Recovery, without authorization and with full knowledge that they are not authorized to use those marks.

3.      Defendants' unlawful use of the AAA Marks is likely to cause—and in fact already may have caused—consumers to believe, erroneously, that Defendants are affiliated or associated with or have been endorsed by AAA, jeopardizing the goodwill and tarnishing the reputation associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

4.      Defendants' unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks and thus

COMPLAINT FOR DAMAGES                    -2-

have diluted the distinctive quality of the Marks.

5.       In addition, on information and belief, Defendants have profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the Marks in Idaho to their benefit and to the detriment of AAA and of consumers, in violation of the laws set forth above.

## PARTIES

6.       Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida.  AAA provides its more than 50 million members with products and services throughout the United States and Canada, including in Idaho.  Of AAA's wide range of products and services, AAA is perhaps best known for its towing and other emergency roadside services.  AAA provides its products and services through local AAA member clubs, including AAA Oregon/Idaho, which covers the southern 34 counties of Idaho, including Ada County where AAA Anytime Towing & Recovery is located.

7.       On information and belief, AAA Anytime Towing & Recovery is a business operating under the laws of Idaho, with a principal place of business at 245 Blue Heron Lane, Suite A, Meridian, ID 83646.

8.       On information and belief, Defendant Chris K. Teague is the owner of AAA Anytime Towing & Recovery and resides at 6713 W. Fairview Ave, #D, Boise, ID 83704.

## JURISDICTION AND VENUE

9.       This Court has subject matter jurisdiction under 15 U.S.C. §§ 1121 and 1125 and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

10.       On information and belief, Defendants are subject to personal jurisdiction within the District of Idaho because Defendants conduct business and reside in this State.

COMPLAINT FOR DAMAGES                -3-

11.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the District of Idaho.

## FACTS ENTITLING AAA TO RELIEF

**A.     AAA's Widespread and Substantial Use of Its Registered AAA Marks**

12.     Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is based largely on the quality and reliability of the products and services it offers through its AAA local clubs.

13.     Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter.  It established itself almost immediately as an advocate for travel safety and road improvement.  Today, AAA offers a broad range of products and services, including but also going beyond automobiles and travel.

14.     AAA has invested resources, including for advertising campaigns and promotional efforts, to develop and foster the reputation, recognition, and goodwill associated with its products and services.

15.     AAA has used and continues to use the AAA Marks and logo designs in interstate commerce to identify its products and services.

16.     Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain a reputation for quality, integrity, and reliability.

17.     As a result of AAA's provision of quality products and the continuous advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired value and fame in the United States, including in Idaho, and throughout the world.  Specifically, the AAA Marks are widely recognized by consumers in this

COMPLAINT FOR DAMAGES                    -4-

country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services; indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

18.    AAA and its local clubs have registered AAA-related domain names and maintain Internet websites through which AAA Members and the general public may obtain information and, in some cases, purchase or use products and services (the "AAA Websites").  The AAA Websites were created and operate to attract members and customers, encourage their interest in AAA and its local clubs, and offer products and services.

19.    AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 100 trademarks, including Marks that AAA has used since at least 1902, in connection with the products and services offered to its members.  The federal registrations Defendants are violating include:

  a.  Reg. No. 829,265, for the AAA Mark, used in connection with "providing emergency road service";

  b.  Reg. No. 1,327,400, for the AAA PLUS Mark, used in connection with "emergency road services";

  c.  Reg. No. 2,158,654, for the AAA Mark & Design, used in connection with "emergency road services";

  d.  Reg. No. 2,900,596, for the AAA PREMIER Mark, used in connection with "emergency road side assistance services";

  e.  Reg. No. 2,935,481, for the AAA PREMIER Mark & Design, used in connection with "emergency road side assistance services";

  f.  Reg. No. 2,935,481, for the AAA ACCIDENT ASSIST Mark, used in connection with "emergency roadside assistance";

  g.  Reg. No. 5,036,379, for the AAA Mark & Design, used in connection with

COMPLAINT FOR DAMAGES                    -5-

"emergency road side repair services";

Copies of the registration certificates for the above marks are available on the USPTO website: http://www.uspto.gov.

20.     Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute prima facie evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

**B.  Defendants' Unlawful Use of Plaintiff's AAA Marks**

21.     AAA has never authorized Defendants to use its AAA Marks.

22.     Nevertheless, on information and belief, Defendants have knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the business name AAA Anytime Towing & Recovery and the AAAANYTIMETOWING.COM domain name after Plaintiff's AAA Marks had become famous in Idaho, the United States, and abroad.

23.     The assumed business name AAA Anytime Towing & Recovery was authorized by the Idaho Secretary of State on July 31, 2015.

24.     On information and belief, Ben Jeske, a freelance web developer, is the registrant of the AAAANYTIMETOWING.COM domain name (the "Infringing Domain Name") and registered the domain name on September 1, 2015, on behalf of Defendant AAA Anytime Towing & Recovery.  On information and belief, the Infringing Domain Name is being used to host a website promoting the AAA Anytime Towing & Recovery business.

25.     In or around August 2016, AAA learned that Defendants were using the business name AAA Anytime Towing & Recovery to designate and advertise emergency roadside services that compete directly with services offered by AAA.  AAA also learned that Defendants owned the Infringing Domain Name and were using it to advertise the AAA Anytime Towing &

COMPLAINT FOR DAMAGES               -6-

Recovery business.

26.     On September 14, 2016, AAA sent a letter by certified mail to Defendants' principal place of business, requesting that Defendants discontinue all use of the AAA Anytime Towing & Recovery business name and mark and of any other confusingly similar marks and to transfer the registration for the Infringing Domain Name to AAA.

27.     During a telephone call on September 28, 2016, Defendant Chris Teague told AAA that he had received AAA's letter and admitted that at least one person, and possibly more, had called his business under the mistaken belief that the business is associated or affiliated with AAA.

28.     Nonetheless, during this same phone call, Mr. Teague refused to change the name of his business and stated that he believes that he is not infringing the AAA Marks because his business charges a per use fee whereas AAA provides a "free" service.

29.     On information and belief, at the time Defendants' infringing use of the AAA Marks began and at all times afterward, Defendants have known, or had reason to know, of AAA's rights in the AAA Mark, and have at all times known, or had reason to know, that those marks are famous and valuable.

30.     On information and belief, Defendants knowingly and for profit engaged in the infringing use of the AAA Marks to attract consumers, knowing that consumers would likely believe, incorrectly, that the use of the AAA Marks signifies that Defendants' business is sponsored or endorsed by, or associated or affiliated with, AAA.  Indeed, as described, this use has already caused confusion among consumers.

31.     Defendants' infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

32.     Defendants' infringing use has lessened, and will continue to lessen, the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA and, thus, dilute the distinctive quality of Plaintiff's AAA

COMPLAINT FOR DAMAGES              -7-

Marks.

33.     Further, on information and belief, Defendants' infringing use has been and continues to be of commercial value to Defendants.

34.     For the foregoing reasons, Defendants' infringing use has caused, and will likely continue to cause, injury to AAA and to the goodwill and value of its AAA Marks.

**COUNT I**
**(Federal Trademark Infringement in**
**Violation of Section 32 of the Lanham Act)**

35.     AAA incorporates by reference all of the preceding paragraphs.

36.     Defendants' infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' services in a manner likely to cause confusion, mistake, and deception.

37.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

38.     These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

39.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

**COUNT II**
**(Federal False Designation of Origin and Unfair Competition in**
**Violation of Section 43(a) of the Lanham Act)**

40.     AAA incorporates by reference all of the preceding paragraphs.

41.     Defendants' infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants have willfully and deliberately used in commerce words, terms, names,

COMPLAINT FOR DAMAGES                    -8-

and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by Defendants.  This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

42.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

43.     Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

44.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

**COUNT III**
**(Federal Trademark Dilution in**
**Violation of Section 43(c) of the Lanham Act)**

45.     AAA incorporates by reference all of the preceding paragraphs.

46.     Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by impairing the ability of the AAA Marks to serve as unique identifiers and by tarnishing the good reputation associated with the AAA Marks.

47.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

48.     Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

49.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered

COMPLAINT FOR DAMAGES                    -9-

damages as a result of the infringing use, for which Defendants are responsible.

## COUNT IV
### (Cybersquatting Under Section 43(d) of the Lanham Act)

50.     AAA incorporates by reference all of the preceding paragraphs.

51.     Defendants' infringing use violates Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), because (i) Plaintiff is the owner of the AAA Marks, which are registered in the United States Patent and Trademark Office and protected under the Lanham Act, 15 U.S.C. §§ 43(a), (c), and (d); (ii) Defendants have registered, trafficked in, and/or used the Infringing Domain Name with a bad faith intent to profit from AAA's famous and distinctive AAA Marks; (iii) the Infringing Domain Name is confusingly similar to Plaintiff's AAA Marks; and (iv) Plaintiff's AAA Marks were distinctive and famous at the time of registration of the Infringing Domain Name.

52.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

53.     Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the AAA Marks and Infringing Domain Names, further injuring AAA and confusing the public.

54.     On information and belief, Defendants have received revenues and profits as a result of their unauthorized use of the AAA Marks, to which they are not entitled, and AAA has also suffered damages as a result of Defendants' conduct, for which Defendants are responsible.

## COUNT V
### (Trademark Dilution Under Idaho Code § 48-513)

55.     AAA incorporates by reference all of the preceding paragraphs.

56.     Defendants' infringing use violates Idaho Code § 48-513 because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by impairing the ability of the AAA Marks to serve as unique identifiers and by

COMPLAINT FOR DAMAGES            -10-

tarnishing the good reputation associated with the AAA Marks.

57.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

58.     Defendants' unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the conduct, further injuring AAA and confusing the public.

59.     On information and belief, Defendants have received revenues and profits as a result of its unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

<u>COUNT VI</u>
**(Unfair Competition Under Idaho Code § 48-603)**

60.     AAA incorporates by reference all of the preceding paragraphs.

61.     Defendants' unauthorized use of the AAA Marks constitutes unfair competition under Idaho Code § 48-603.  AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in commerce is likely to cause, and has already caused, confusion, mistake, and misunderstanding as to source, sponsorship, approval, or certification of Defendants' goods and services.

62.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

63.     Defendants' unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the conduct, further injuring AAA and confusing the public.

64.     On information and belief, Defendants have received revenues and profits as a result of its unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

## COUNT VII
### (Unfair Competition and Trademark Infringement
### Under Common Law)

65.     AAA incorporates by reference all of the preceding paragraphs.

66.     Defendants' unauthorized use of the AAA Marks constitutes trademark infringement and unfair competition under Idaho common law.  AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by AAA.

67.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

68.     Defendants' unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the conduct, further injuring AAA and confusing the public.

69.     On information and belief, Defendants have received revenues and profits as a result of its unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

### PRAYER FOR RELIEF

WHEREFORE, AAA respectfully seeks the following relief:

1.      Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

a.      Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods

COMPLAINT FOR DAMAGES              -12-

or services sold or distributed by the Defendants, or in any other manner; and

        b.      Using any combination of multiple letter "A's" in any form or manner that would tend to identify or associate Defendants, their business, or their goods or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2.      Require Defendants to transfer to AAA any and all domain names in their or their agents' possession, custody, or control that include the AAA Marks, including but not limited to the domain name AAAANYTIMETOWING.COM;

3.      Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy and/or change all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

4.      Require Defendants to cancel or amend any business name, trade name, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, registrations for AAA Anytime Towing & Recovery;

5.      Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

6.      Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

COMPLAINT FOR DAMAGES      -13-

7.      Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks pursuant to 15 U.S.C. § 1117;

8.      Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Idaho law;

9.      Award AAA statutory damages in the amount of $100,000 per Infringing Domain Name pursuant to 15 U.S.C. § 1117(d), or some other amount as the Court considers just;

10.     Award prejudgment interest on all liquidated sums; and

11.     Award such other and further relief as the Court deems just and proper.

DATED this 25th day of October 2016.

CLEMENTS, BROWN & McNICHOLS, P.A.

By ____/s/_____
SONYALEE R. NUTSCH
Attorneys for Plaintiff