UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AAA ANYTIME TOWING & RECOVERY, and CHRIS K. TEAGUE,<br><br>Defendants. | Case No.: 1:16-cv-00475-DCN<br><br>**MEMORANDUM DECISION AND ORDER and ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

Pending before the Court is Plaintiff, The American Automobile Association, Inc.'s ("AAA") Motion for Order to Show Cause. Dkt. 14. Having carefully considered the record and otherwise being fully advised, the Court enters the following order GRANTING the Motion. Additionally, the Court hereby orders that Defendants AAA Anytime Towing and Recovery ("AAA Anytime") and Chris Teague appear and show cause why they should not be held in contempt for failure to comply with the Court's prior order.

## II. BACKGROUND

AAA initiated this action on October 25, 2016, claiming that AAA Anytime and Chris Teague (collectively "Defendants") knowingly and willfully infringed on its famous and distinctive trademarks (the "AAA Marks"). AAA asserted that AAA

Anytime violated the law by "us[ing] and continu[ing] to use the AAA Marks in connection with a business offering towing and other emergency roadside services . . . without authorization and with full knowledge that they are not authorized to use those marks." Dkt. 1, ¶ 2.

AAA's Complaint included claims against Defendants for trademark infringement, false designation of origin, unfair competition, dilution, and cybersquatting in violation of Sections 32, 43(a), 43(c), 43(d) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), 1125(c), and 1125(d). Additionally, AAA alleged various state law and common law violations. Dkt. 1, ¶¶ 1-2, 35-69. AAA sought injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order (1) enjoining Defendants from using the AAA Marks in the business name "AAA Anytime Towing & Recovery," and (2) transferring the domain name AAAANYTIMETOWING.COM. *See id.*

On October 27, 2016, AAA served Defendants with the Summons and copy of AAA's Complaint. Dkt. 4. To date, Defendants have neither answered nor otherwise responded to AAA's Complaint. On November 23, 2016, AAA moved for entry of default. Dkt. 8. Defendants never responded. On December 20, 2016, the Clerk of the Court entered default against Defendants. Dkt. 9. On January 19, 2017, AAA moved for entry of Default Judgment against Defendants. Dkt. 10. Defendants never responded. On June 7, 2017, the Court granted AAA's Motion for Default Judgment, and ordered that "Plaintiff shall have Judgment against Defendants" as follows:

1. Final Judgment is hereby entered in favor of Plaintiff AAA against Defendants AAA Anytime Towing & Recovery and Chris K. Teague, jointly and severally, in the amount of $10,640.20, representing recoverable costs and attorneys' fees incurred in this matter.

2. Pursuant to the Court's authority under 15 U.S.C. § 1116(a), Defendants, their agents, servants, employees, attorneys, and any and all persons in active concert or participation with any of them, are hereby permanently enjoined and restrained from:

    a. Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods or services sold or distributed by Defendants, or in any other manner; and

    b. Using any combination of multiple letter "A's" in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner.

3. Defendants must transfer to AAA any and all domain names in their or their agents' possession, custody, or control that include the AAA Marks, including but not limited to the domain name AAAANYTIMETOWING.COM.

4. Defendants must destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to

> destroy all plates, molds, matrices, masters, and other means of making any of those infringing items.
>
> 5. Defendants must cancel or amend any assumed business names, any business name, trade name, or corporate registrations or applications, and any other public filings that contain the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, those filings for AAA Anytime Towing & Recovery.
>
> 6. Within 30 days of entry of this Order Granting Motion for Default Judgment and Permanent Injunction, Defendants must file with the Court and serve on AAA a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with the above-referenced terms of the Permanent Injunction.
>
> 7. This Court shall retain jurisdiction over this action for the purpose of supervising Defendants' compliance with this Permanent Injunction.

Dkt. 11, at 2-4.

On August 2, 2017, the Court entered final judgment in AAA's favor and against Defendants, jointly and severally, in the amount of $10,640.20. Dkt. 13. On August 6, 2017, AAA served copies of the Court's June 7, 2017, Order Granting Motion for Default Judgment and Permanent Injunction on Defendants. Dkt. 14-2.

As of September 11, 2017, Defendants had not transferred to AAA the AAAANYTIMETOWING.COM domain name, and Defendants continue to use a Facebook account named AAAAnytimeTowing. Dkt. 14-2. In addition, a review of the website for the Idaho Secretary of State confirms that the assumed business name for AAA Anytime remains active as of September 11, 2017. *See id*. at ¶ 7. Finally, Defendants have never filed with the Court the above-referenced report "setting forth in

MEMORANDUM DECISION AND ORDER AND ORDER TO SHOW CAUSE- 4

detail" the manner in which Defendants have complied with the terms of the Permanent Injunction.

On September 22, 2017, AAA filed the instant Motion for Order to Show Cause. Dkt. 14. In its Motion, AAA requests an order directing Defendants to appear and to show cause why (1) they should not be held in contempt and sanctioned for violations of the Court's June 7, 2017 Order Granting Motion for Default Judgment and Permanent Injunction; and (2) why they should not be required to pay the costs and attorneys' fees associated with AAA's efforts to enforce the same. Defendants never responded.

### III. DISCUSSION

A court's power of contempt is regarded as an "inherent" power that is "necessary to the exercise of all others." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). A party may be held in civil contempt when, after receiving notice, it fails to take all reasonable steps within its power to comply with a specific and definite judicial order. *See* 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (finding that a district court has "wide latitude in determining whether there has been a contemptuous defiance of its order[s]."). The Ninth Circuit's rule regarding contempt "has long been whether defendants have performed 'all reasonable steps within their power to insure compliance' with the court's orders." *Stone*, 968 F.2d at 856 (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976)); *see also In re*

*Dual-Deck Video Cassette Record Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983).

The party alleging civil contempt bears the initial burden of establishing by clear and convincing evidence that the opposing party violated a specific and definite order of the court. *See Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989); *In re Dual-Deck*, 10 F.3d at 695. The burden then shifts to the alleged contemnors to produce evidence explaining their noncompliance. *See Donovan*, 716 F.2d at 1240. The alleged contemnors must show that they took every reasonable step to comply. *See Sekaquaptewa*, 544 F.2d at 406. A contemnor's good faith in attempting to comply with the order is immaterial. *See Stone*, 968 F.2d at 856-67.

Ultimately, a Court may impose sanctions to coerce compliance with a court order or to compensate the party pursuing the contempt action for losses sustained because of the contemptuous behavior, or both. *See United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947). In determining the amount of a civil contempt sanction, the Court should consider: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; and (3) the burden the sanctions may impose on the contemnor's financial resources. *Id.*; *see also United States v. Bright*, 596 F.3d 683, 696-97 (9th Cir. 2010).

Against this standard, AAA has clearly made out is prima facie case, as (1) Defendants have failed to comply with the Court's June 7, 2017, Order Granting Default

Judgment and Permanent Injunction (Dkt. 11), and (2) there is no evidence that Defendants are incapable of complying with the same.

## IV. ORDER

Finding good cause therefore,

1. IT IS HEREBY ORDERED that AAA's Motion for an Order to Show Cause (Dkt. 14) is GRANTED.

2. IT IS FURTHER ORDERED that, on **July 11, 2018, at 3:00 PM**, AAA Anytime and Chris Teague **must appear** before the United States District Court for the District of Idaho at 550 W. Fort Street, Suite 400, Boise, Idaho 83724, Courtroom 1. Defendants will be required to show cause, if any exists, why they should not be held in contempt of court for failing to comply with the terms of the June 7, 2017, Order Granting Default Judgment and Permanent Injunction (Dkt. 11.) – to wit:

    A. Failing to transfer to AAA the domain name AAAANYTIMETOWING.COM;

    B. Failing to cancel or amend the AAA Anytime Towing & Recovery assumed business name;

    C. Failing to file a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with the terms of the June 7, 2017, Order Granting Default Judgment and Permanent Injunction (Dkt. 11); and

    D. Failing to pay to AAA the entire amount of $10,640.20.

Defendants shall also show cause why they should not be required to pay AAA's costs and attorneys' fees incurred in attempting to enforce the June 7, 2017, Order Granting Default Judgment and Permanent Injunction (Dkt. 11), including preparing the Motion for an Order to Show Cause.

3. IT IS ORDERED that AAA shall immediately serve this Order upon Defendants by certified mail and by the Clerk of the Court in conformity with this Court's Local Civil Rules for service of orders.

DATED: May 18, 2018

David C. Nye
U.S. District Court Judge